Per Curiam.

Appellants contend that the requirements of Section 707.05, Revised Code, were not complied with because (1) the notice of the July 19 hearing before the board was posted for only 40 days before that hearing instead of for a full six weeks (i. e., 42 days), and (2) the hearing before the board was held on July 19 which was only 46, instead of the required 60, days after the petition had been filed in the county auditor’s office.
Section 707.05, Revised Code, provides (1) that the hearing before the board “shall not be less than 60 days” after the petition is filed in the office of the county auditor, and (2) that *122 the agent of the petitioners shall cause a notice of the time and place of hearing to “be published in a newspaper * * * for a period of six consecutive weeks, and shall also cause a copy of the notice to be posted in a conspicuous place * * * not less than six weeks prior to the time fixed for the hearing.”
Notice of the hearing was published as required by the foregoing statute.
The only apparent purposes for the foregoing statutory requirements would be to provide notice of the hearing to all interested parties so that they would have ample time to prepare for the hearing. There is nothing in the record to indicate that those purposes have not been fully satisfied. There is nothing in the record to indicate that any interested party did not have notice of the July 19 hearing in time to fully prepare for it. See Dabkowski v. Baumann, 175 Ohio St., 89. At that hearing much testimony was presented by both proponents and opponents of the proposed annexation but no objection was made by anyone about the notice or about the time of the hearing.
Therefore, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.